

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

January 13, 1966

Honorable Franklin L. Smith
County Attorney
Nueces County
Corpus Christi, Texas

Opinion No. C-581

Re: Whether a hospital,
operating under Article
4494i, V.C.S. may create
and participate in a
retirement program for
the employees of the
hospital by contracting
for the purchase of
retirement insurance,
and related question.

Dear Mr. Smith:

You have requested the opinion of this office on the
following questions:

"(1)  May a hospital operating under Article
4494i create and participate in a retirement
program for employees of a hospital by contracting
for the purchase of retirement insurance?

"(2)  May such hospital make payroll deductions
from the salary of its employees participating in
such program?"

In the absence of either constitutional or statutory
authorization, the Board of Managers of a hospital created
under Article 4494i, Vernon's Civil Statutes, is not authorized
to create and participate in a retirement program for its
employees by contracting for the purchase of retirement
insurance.

No such authorization is granted by Section 62b,
Article XVI of the Texas Constitution nor by Article 6243h,
Vernon's Civil Statutes.  Section 62b, Article XVI, Texas
Constitution, provides for retirement benefits for county
employees when authorized by a majority vote of the qualified
voters of such county at an election called for that purpose.
Article 6243h, Vernon's Civil Statutes, provides for the
creation and establishment of a retirement program for city
employees and the employees of certain hospital districts.
Neither of these provisions authorize the creation of or
participation in a retirement program for employees of a
hospital established and operated pursuant to the provisions

of Article 4494i, Vernon's Civil Statutes.

Similarly, neither Articles 3.50 nor 3.51, Insurance Code, authorize the governing board of such hospital to establish or participate in a retirement program for its employees by purchasing retirement insurance. Article 3.50, Insurance Code, is restricted to the purchase of "group life insurance", wholly paid for by the employees, while Article 3.51, Insurance Code, is limited to the purchase of "group health, accident, accidental death and dismemberment, and hospital, surgical, and/or medical expense insurance" paid for, in part, by contributions from deduction of salaries of the employees when authorized in writing by such employees.

Our research has directed us to no statutes, enacted prior or subsequent to Article 4494i, Vernon's Civil Statutes, which authorize the governing board of such hospital to create or participate in a retirement program for its employees.

The making of payroll deductions from the employees' salaries for the purpose of purchasing or making premium payments upon retirement insurance in the absence of express constitutional or legislative authorization is prohibited. Attorney General's Opinion No. WW-1211 (1961).

In view of the foregoing, we agree with your able opinion, and answer both Questions 1 and 2 in the negative under the factual situation presented.

## SUMMARY

In the absence of either constitutional or legislative authorization, the Board of Managers of Memorial Medical Center of Nueces County, created under Article 4494i, Vernon's Civil Statutes, is not authorized to create or participate in a retirement program for employees of such hospital by contracting for the purchase of retirement insurance. Payroll deductions from the salary of its employees are unauthorized for such a program.

Yours very truly,

WAGGONER CARR
Attorney General

By: J. Phillip Crawford
Assistant

JPC:sj

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
John Reeves
Paul Phy
James Strock
Milton Richardson

APPROVED FOR THE ATTORNEY GENERAL
BY:  T. B. Wright